UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| DISC DISEASE SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> VGH SOLUTIONS, INC; DR-HO'S, INC.; HOI MING MICHAEL HO; <br><br> Defendants. | Civil Action No. 1:15-CV-188 <br><br> JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff DISC DISEASE SOLUTIONS, INC. ("DDS" or "Plaintiff") files this Complaint against Defendants VGH SOLUTIONS, INC ("VGH"), DR-HO'S, INC. ("DHI"), and HOI MING MICHAEL HO ("Ho") (individually and collectively "VGHSI" or "Defendants"), and alleges as follows:

**PARTIES**

1.      Plaintiff Disc Disease Solutions, Inc. is a New Jersey Corporation with its principal place of business located at 100 Commerce Way, Suite 5, Hackensack, New Jersey 07601.  DDS transacts business within this judicial district.

2.      Defendant VGH Solutions, Inc. is, upon information and belief, a corporation organized and existing under the laws of Canada with offices at 145 Anderson Avenue, Markham, Ontario, Canada, L6E1A4.  Upon information and belief, VGH Solutions, Inc. maintains a place of business at 150 Stewart Parkway, Greensboro, Georgia, USA 30642-1262. VGH Solutions, Inc. regularly transacts business in this judicial district and division by marketing, advertising, importing, offering for sale and/or selling the products at issue in this

case in this judicial district and division.

3. Defendant Dr.-Ho's, Inc. is, upon information and belief, a corporation organized and existing under the laws of Canada with offices at 145 Anderson Avenue, Markham, Ontario, Canada, L6E1A4.  Upon information and belief, Dr.-Ho's, Inc. maintains a place of business at 150 Stewart Parkway, Greensboro, Georgia, USA 30642-1262.  Dr.-Ho's, Inc. regularly transacts business in this judicial district and division by marketing, advertising, importing, offering for sale and/or selling the products at issue in this case in this judicial district and division.

4. Defendant Hoi Ming Michael Ho is, upon information and belief, an individual residing in Ontario, Canada.  Ho regularly transacts business in this judicial district and division by marketing, advertising, importing, offering for sale and/or selling the products at issue in this case in this judicial district and division.

## JURISDICTION AND VENUE

5. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 *et seq.* and 281-285.

6. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Defendants are transacting and/or have transacted business within the Middle District of Georgia by, at the very least, distributing, selling, offering for sale, marketing, advertising, importing, making and/or using products, including inflatable belts, that fall within the scope of one or more claims of U.S. Patent Numbers 8,012,113 and 7,618,509.  Defendants are therefore subject to the personal jurisdiction of this Court.

8. Defendants, directly or through intermediaries, have committed acts of infringement in the Middle District of Georgia by, at the very least, distributing, selling, offering

for sale, marketing, advertising, importing, making and/or using products, including inflatable belts, that fall within the scope of one or more claims of U.S. Patent Numbers 8,012,113 and 7,618,509.  Accordingly, under 28 U.S.C. §§ 1391 and 1400(b), venue is proper in this Court.

9. Defendants market, advertise, offer for sale and/or sell products, including products that infringe U.S. Patent Numbers 8,012,113 and 7,618,509 in the Middle District of Georgia and elsewhere in the United States through retail stores, numerous online retailers and through the website www.drhonow.com.

## THE PATENT

10. DDS is the owner of all right title and interest to U.S. Patent Number 8,012,113 entitled "Spinal Brace."  The United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '113 Patent on September 6, 2011.  A true and correct copy of the '113 Patent is attached as Exhibit A.

11. DDS is the exclusive licensee of U.S. Patent Number 7,618,509 entitled "Wrinkled Band Without Air Expansion Tube and Its Manufacturing Method."  DDS holds the exclusive right to bring actions for infringement, including past and future infringement, of the '509 Patent.  The USPTO duly and lawfully issued the '509 Patent on November 17, 2009.  A true and correct copy of the '509 Patent is attached hereto as Exhibit B.

## COUNT 1: PATENT INFRINGEMENT OF '113 PATENT

12. DDS herein incorporates by reference the allegations of the preceding paragraphs.

13. Without a license or permission from DDS, Defendants have infringed and continue to infringe one or more claims of the '113 Patent, directly, contributorily, through equivalents, and/or by inducement.

14. The infringing acts include, but are not limited to, using, causing to be used,

making, causing to be made, importing, causing to be imported, offering to sell, causing to be offered for sale, selling, and/or causing to be sold, products, including an inflatable belt for use with support panels and marketed as the "DBB 3500", that infringe at least one claim of the '113 Patent in this judicial district and elsewhere within the United States.

15. Defendants are liable for infringement of the '113 Patent pursuant to 35 U.S.C. § 271. By way of example, and without limitation, Defendants products, including the DBB 3500 meet each and every element of at least one claim of the '113 Patent, either literally or equivalently. A non-limiting example of such product is shown in the photograph of the packaging of the DBB 3500 attached as Exhibit C.

16. Defendants contributed to and induced infringement of the '113 Patent by supplying infringing products to customers. Defendants' customers who purchased products and/or used products in accordance with Defendants' instructions directly infringe one or more claims of the '113 Patent.

17. DDS has provided notice of the '113 Patent to Defendants.

18. Upon information and belief, Defendants have had actual and constructive notice of the '113 Patent; Defendants have been and are aware of its infringement of the '113 patent; and Defendants' infringement of the '113 patent has been and continues to be willful.

19. DDS has suffered and will continue to suffer irreparable harm as a result of Defendants' unlawful conduct unless and until enjoined by the Court. DDS is without an adequate remedy at law.

20. Defendants' infringing acts have caused damage to DDS. DDS is entitled to recover from Defendants damages sustained by DDS in an amount to be determined at trial.

21. Upon information and belief, Defendants' infringement of the '113 Patent is

willful and deliberate, entitling DDS to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT 2: PATENT INFRINGEMENT OF '509 PATENT

22. DDS herein incorporates by reference the allegations of the preceding paragraphs.

23. Without a license or permission from DDS, Defendants have infringed and continue to infringe one or more claims of the '509 Patent, directly, contributorily, through equivalents, and/or by inducement.

24. The infringing acts include, but are not limited to, using, causing to be used, making, causing to be made, importing, causing to be imported, offering to sell, causing to be offered for sale, selling, and/or causing to be sold, products, including inflatable belts marketed as the "2-in-1 Back Relief Belt", the "DBB 3500" and the "DBB 3000" that infringe at least one claim of the '509 Patent in this judicial district and elsewhere within the United States.

25. Defendants are liable for infringement of the '509 Patent pursuant to 35 U.S.C. § 271. By way of example, and without limitation, Defendants products, including the 2-in-1 Back Relief Belt, DBB 3500 and DBB 3000, are manufactured by meeting each and every element of at least one claim of the '509 Patent, either literally or equivalently. A non-limiting example of such product is shown in the photograph of the packaging of the 2-in-1 Back Relief Belt attached as Exhibit D and the DBB 3500 attached hereto as Exhibit C and the DBB 3000 attached hereto as Exhibit E.

26. Defendants contributed to and induced infringement of the '509 Patent by supplying infringing products to customers. Defendants' customers who purchased products and/or used products in accordance with Defendants' instructions directly infringe one or more claims of the '509 Patent.

27. DDS has provided notice of the '509 Patent to Defendants.

28. Upon information and belief, Defendants have had actual and constructive notice of the '509 Patent; Defendants have been and are aware of its infringement of the '509 patent; and Defendants' infringement of the '509 patent has been and continues to be willful.

29. DDS has suffered and will continue to suffer irreparable harm as a result of Defendants' unlawful conduct unless and until enjoined by the Court. DDS is without an adequate remedy at law.

30. Defendants infringing acts have caused damage to DDS. DDS is entitled to recover from Defendants damages sustained by DDS in an amount to be determined at trial.

31. Upon information and belief, Defendants' infringement of the '509 Patent is willful and deliberate, entitling DDS to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## RELIEF REQUESTED

Wherefore, DDS respectfully prays that the Court find and order the following relief:

a. That Defendants have infringed the '113 Patent and '509 Patent;

b. That Defendants' infringement of the '113 and '509 Patent has been willful;

c. That Defendants and the officers, directors, agents, servants and the employees of Defendants, and those persons acting in concert or participation with any of them, be enjoined and restrained from continued infringement, including but not limited to distributing, selling, offering for sale, advertising, making, importing and/or using products and methods that infringe the '113 and '509 Patents;

d. That Defendants and the officers, directors, agents, servants and the employees of Defendants and those persons acting in concert or participation with any of them deliver to DDS

all products that infringe the '113 and '509 Patents for destruction at DDS's option;

    e.    That DDS be awarded monetary relief adequate to compensate DDS for Defendants' acts of infringement of the '113 and '509 Patents within the United States;

    f.    That any monetary relief awarded to DDS related to the infringement of the '113 and '509 Patents by Defendants be increased due to the willful nature of Defendants' infringement of the patents;

    g.    That any monetary relief awarded to DDS related to the infringement of the '113 and '509 Patents by Defendants be awarded with pre-judgment and post-judgment interest;

    h.    That the infringement of the '113 and '509 Patents by Defendants is exceptional and that DDS be awarded the attorneys' fees, costs, and expenses incurred in this action;

    i.    That Defendants be required to file with the Court and serve on DDS within thirty (30) days after entry of the injunctive relief requested above, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunctive relief; and

    j.    For such and other further relief that the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

    k.    DDS demands trial by jury for all issues so triable.

Respectfully submitted, this the 30th day of November, 2015.

                              FLYNN, PEELER & PHILLIPS, LLC

                              */s/ Charles E. Peeler*
                              Georgia Bar No. 570399
                              517 West Broad Avenue
                              Albany, Georgia 31701
                              229-446-4886
                              cpeeler@fpplaw.com

PAULSON & NACE, PLLC

*/s/ Christopher T. Nace*
Georgia Bar No. 553868
1615 New Hampshire Ave NW
Washington, DC  20009
202-463-1999
ctnace@paulsonandnace.com
(*Petition to Practice Pending*)

EGLI LAW & ASSOCIATES

*/s/ Russell L. Egli*
Tennessee Bar No.  024408
11109 Lake Ridge Drive
Knoxville, Tennessee 37934
(865)304-41125
russelleglilaw@gmail.com
(*Pro Hac Vice Application Pending*)

*Attorneys for Plaintiff*