IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| DISC DISEASE SOLUTIONS, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:15-cv-188 (LJA) |
| | : | |
| VGH SOLUTIONS, INC.; DR-HO'S, | : | |
| INC.; and HOI MING MICHAEL HO, | : | |
| | : | |
| Defendants. | : | |
| | : | |

### ORDER

Before the Court is Defendants' Joint Motion to Dismiss the Complaint. (Doc. 8). For the reasons that follow, the Motion is **GRANTED**.

### BACKGROUND

Disc Disease Solutions, Inc., Plaintiff, owns U.S. Patent Numbers 8,012,113 ('113), entitled "Spinal Brace, and 7,618,509 ('509), entitled "Wrinkled Band without Air Expansion Tube and its Manufacturing Method." (Doc. 1, ¶¶ 1, 10, 11). Plaintiff alleges that VGH Solutions, Inc., Dr-Ho's, Inc., and Hoi Ming Michael Ho (collectively, "Defendants") have infringed one or more claims of both the '113 and '509 Patents "directly, contributorily, through equivalents, and/or by inducement." *Id.* at ¶¶ 13, 23. Specifically, Plaintiff alleges that Defendants' product, the "DBB 3500," directly infringes on the '113 Patent and that Defendants induced such infringement by supplying the product to customers. *Id.* at ¶¶ 15-16. Plaintiff also alleges that Defendants' products, the "2-in-1 Back Relief Belt," the "DBB 3500," and the "DBB 3000," directly infringe on the '509 Patent and that Defendants induced such infringement by supplying those products to customers. *Id.* at ¶¶ 25-26.

Plaintiff commenced this action on November 30, 2015. (Doc. 1). On March 31, 2016, Defendants filed a Joint Motion to Dismiss the Complaint. (Doc. 8). Plaintiff responded on April 21, 2016, and Defendant timely replied on May 9, 2016. (Docs. 9, 10). As such, the motion is ripe for review by this Court. *See* M.D. Ga. L.R. 7.3.

## **LEGAL STANDARDS**

Federal Rule of Civil Procedure 12(b)(6) allows a party to assert the defense of failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead enough facts to state a claim for relief that is plausible—not just conceivable—on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs," it is not required "to accept the labels and legal conclusions in the complaint as true." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). At bottom, "the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291.

The pleading standard articulated in *Twombly* initially created some tension with the guidance provided for a pleading in a patent infringement case. Prior to the 2015 Amendments to the Federal Rules of Civil Procedure, Form 18 provided a sample complaint for direct patent infringement, and Rule 84 provided that the forms, including Form 18, "suffice under these rules." Courts were divided as to whether the plausibility requirement of *Twombly* created a higher pleading standard than the bare bones requirements set forth in Form 18. *See e.g.*, *Gradient Enterprises, Inc. v. Skype Technologies S.A.*, 848 F.Supp.2d 404, 407-08 (W.D.N.Y. 2012) (collecting cases). The Federal Circuit[1] recognized the tension between the

---

[1] While the law of the regional circuit applies when reviewing a motion to dismiss for failure to state a claim in a patent case, see *Lyda v. CBS Corporation*, --F.3d--, 2016 WL 5539875, at *3 (Fed. Cir., Sept. 30, 2016), the Eleventh Circuit has

2

pleading standard required by *Twombly* and the standard set forth in Form 18, and held that, to the extent "*Twombly* and its progeny conflict with the Forms and create differing pleading requirements, the Forms control." *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1334 (Fed. Cir. 2012). The Federal Circuit made clear that it was constrained by judicial precedent requiring changes to the Rules to be "obtained by the process of amending the Federal Rules, and not by judicial interpretation." *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993); *K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 ("Any criticism we may have regarding the sufficiency of the forms themselves is strictly proscribed by Supreme Court precedent.").

Form 18 and Rule 84 were eliminated from the Federal Rules of Civil Procedure effective December 1, 2015. In the Order regarding the changes, the Supreme Court stated that the Amendments "shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." Supreme Court of the United States, *Order Regarding Amendments to the Federal Rules of Civil Procedure* (Apr. 29, 2015), https://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf; *see also Lyda v. CBS Corporation*, --F.3d--, 2016 WL 5539875, at *3, n.2 (Fed. Cir. Sept. 30, 2016). This case was commenced on November 30, 2015, one day before the Amendments took effect. Plaintiff does not present any argument that application of the Amendments to this case is unjust or impracticable. As such the Court will apply the Federal Rules of Civil Procedure as amended on December 1, 2015.

While the Eleventh Circuit has not spoken on this, other district courts have addressed whether the repeal of Form 18 changes the pleading standard required for patent infringement cases. The vast majority have concluded that the abrogation of Rule 84 and Form 18 have alleviated the tension between *Twombly* and the Federal Rules of Civil Procedure, such that *Twombly* exclusively sets the appropriate pleading standard. *See*, *e.g. Robern, Inc. v. Glasscrafters, Inc.*, 2016 WL 3951726, at *5 (D.N.J. July 22, 2016); *e.Digital Corporation v. iBaby Labs, Inc.* 2016 WL 4427209, at *2-3 (N.D. Cal. Aug. 22, 2016); *Ruby Sands*

---

not spoken directly on the tension between Form 18/ Rule 84 and *Twombly*. The Eleventh Circuit generally applies *Twombly* when determining whether a complaint is subject to dismissal for failure to state a claim.

*LLC v. American National Bank of Texas*, 2016 WL 3542430, at *2 (E.D. Tex. June 28, 2016); *RAH Color Technologies LLC v. Ricoh USA, Inc.*, 2016 WL 3632720, at *4 (E.D. Pa. July 7, 2016). This Court agrees. Absent a conflicting standard in the Federal Rules of Civil Procedure, *Twombly* and *Iqbal* apply to pleadings under attack for failure to state a claim. Because this matter was pending when the 2015 amendments went into effect, the Court applies the *Twombly* /I*qbal* standard here.

## DISCUSSION

The purpose of the plausibility requirement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "The … standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Defendants argue that Plaintiff failed to plead a claim for direct patent infringement because it did not provide Defendants with notice of which claims are alleged to be infringed and how the allegedly infringing products infringe each element of the claims. (Doc. 8-1 at 6-8).

Although the level of specificity requested by Defendants is not required, it is true that Plaintiff must make some attempt to describe the alleged infringement. *See, e.g. Simpson*, 744 F.3d at 798 (A plaintiff need not plead detailed factual allegations, but he must demonstrate more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.);" *Robern, Inc.*, 2016 WL 3951726, at *5 ("The Court concludes that Plaintiff's Complaint is not plausibly pled… Defendant correctly points out that Plaintiff made no attempt to describe the alleged infringement … the Complaint merely states that Defendant's products 'infringe[d] at least one claim' of the patent."); *TeleSign Corp v. Twilio, Inc.*, 2016 WL 4703873, at *3 (C.D. Cal. Aug. 3, 2016) ("[A] plaintiff must include allegations sufficient to infer that the accused product infringes each element of at least one claim."); *Atlas IP, LLC v. Exelon Corp.*, --F.Supp.3d--, 2016 WL 2866134, at *5 (N.D. Ill. May 17, 2016) ("[F]actual allegations that do not permit a court to infer that the accused product

4

infringes each element of at least one claim are not suggestive of infringement- they are merely compatible with infringement.").

In its complaint, Plaintiff merely alleges that certain of Defendants' products "meet each and every element of at least one claim" of Plaintiff's patents. (Doc. 1, ¶¶ 15, 25). Plaintiff makes no effort to explain how Defendants' products infringe on any of Plaintiff's claims. Without any description of how Defendant infringed on Plaintiff's patent, the Court cannot "draw the reasonable inference that the Defendant is liable for [patent infringement.]" *Simpson*, 744 F.3d at 708; *see also In re Bill of Lading*, 681 F.3d at 1331. Thus, Plaintiff has failed to state a claim on which relief can be granted. Having established that Plaintiff failed to state a claim for direct infringement, Plaintiff has also failed to state a claim for indirect infringement. [2] *See Limelight Networks, Inc. v. Akamai Technologies, Inc.*, 134 S.Ct. 2111, 2117 (2014) (holding that a claim of direct infringement is necessary to state a claim of indirect infringement).

## CONCLUSION

For the foregoing reasons, Defendants' Joint Motion to Dismiss the Complaint (Doc. 8) is **GRANTED**.

**SO ORDERED**, this   2nd   day of   November  , 2016.

  /s/ Leslie J. Abrams  
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] Defendants also argued for dismissal based on lack of personal jurisdiction. Because the Court dismisses all claims against Defendants for failure to state a claim, the Court finds it unnecessary to address the arguments for lack of personal jurisdiction.